UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREYLOCK MCKINNON ASSOCIATES, INC., | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. _____ |
| v. | ) ) |
| BAILEY PERRIN BAILEY LLP, | ) ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

NOW COMES the Defendant, Bailey Perrin Bailey ("BPB"), by its attorneys, and gives notice that the civil action in the Middlesex County (Massachusetts) Superior Court Department of the Trial Court ("Superior Court") captioned as *Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP*, Docket No. MICV2011-01297-J, is hereby removed from the Superior Court to the United States District Court for the District of Massachusetts.  The basis for the removal is as follows:

1.       On April 18, 2011, Greylock McKinnon Associates, Inc. ("Greylock") filed this action against BPB in the Superior Court.  Copies of the summons, complaint, civil action cover sheet and affidavit of proof of service are attached hereto as Exhibit 1.

2.       In the complaint, Greylock claims that BPB owes Greylock $262,300.98 under an alleged written agreement attached to the complaint.  Compl. ¶ 21.  Greylock seeks to recover under four causes of action:  breach of contract, unjust enrichment, quantum meruit, and money owed for services rendered.  Compl. ¶¶ 22-39.  BPB has not answered the complaint or filed any

1

pleading or paper in the Superior Court. The Superior Court issued a scheduling order on April 19, 2011, attached hereto as Exhibit 2.

3. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action commenced in a state court to the district court of the United States for the district and division embracing the place where the action is pending, provided it is an action of which federal district courts have original jurisdiction. Under 28 U.S.C. § 1332(a), jurisdiction exists over civil actions where (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) the action is between citizens of different States.

4. This is an action of which this court has original jurisdiction under section 1332(a). As alleged in the state complaint, the matter in controversy is $262,300.98, exclusive of interest and costs. This amount exceeds the jurisdictional amount of $75,000. The action is also between citizens of different states. Greylock is a Massachusetts corporation with its principal place of business in Massachusetts; it is thus a citizen of Massachusetts. *See* Compl. ¶ 1; 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of any state where the corporation is incorporated or has its principal place of business). BPB is a limited liability company organized under the laws of Texas, with its sole place of business in Texas.[1] Limited liability companies are citizens of each of the states where its members are citizens. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). BPB's members are F. Kenneth Bailey, Jr., P.C. and K. Camp Bailey, P.C., professional corporations organized under the laws of Texas and with their principal places of business in Texas. Professional corporations are treated like other corporations for diversity purposes. *See Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986) (Posner, J.); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir.

---

[1] Although the complaint refers to BPB as a limited liability partnership, Compl. ¶ 2, BPB recently changed its corporate form from an LLP to a limited liability company and is now known as Bailey Perrin Bailey, PLLC.

1983); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004); *Disandro-Smith & Associates, P.C. v. Edron Copier Service, Inc.*, 722 F. Supp. 912, 913 (D.R.I. 1989). BPB is therefore a citizen solely of Texas. The parties to this action are thus citizens of different states and this Court has jurisdiction under 28 U.S.C. § 1332(a).

5. Under 28 U.S.C. § 1446(b), the notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading, or within 30 days of the service of a summons if the initial pleading has been filed and is not required to be served, whichever period is shorter. BPB first received the summons and complaint by certified mail on April 26, 2011, less than 30 days ago. This Notice of Removal is therefore timely.

6. The documents in Exhibits 1 and 2 constitute the only process, pleadings and orders which BPB has received or been served with in this action. *See* 28 U.S.C. § 1446(a) (defendant shall file "a copy of all process, pleadings and orders served upon such defendant"). In conformity with Local Rule 81.1(a), within 30 days from today's date, BPB will file with this Court certified or attested copies of all records and proceedings in the Superior Court and a certified or attested copy of all docket entries in the Superior Court.

7. Pursuant to the requirements of 28 U.S.C. § 1446(d), BPB will promptly file a copy of this Notice of Removal with the clerk of the Superior Court. BPB is also sending to Greylock's counsel (by electronic mail and first-class mail) a copy of this Notice of Removal on the same date that this Notice of Removal is filed.

WHEREFORE, the action in the Superior Court captioned as *Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP*, Docket No. MICV2011-01297-J, is hereby removed from the Superior Court to this Court.

Dated: May 16, 2011

        Respectfully submitted,

        **Bailey Perrin Bailey, PLLC**
        By its counsel,


        /s/ Matthew F. Pawa
        Matthew F. Pawa, Esq. (BBO # 625933)
        Pawa Law Group, P.C.
        1280 Centre Street, Suite 230
        Newton Centre, MA 02459
        (t) 617 641-9550 / (f) 617 641-9551
        mp@pawalaw.com