Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP
Notice of Removal

Exhibit 1

# ROBINSON & COLE

JEANNE M. LUCHETTE
Paralegal

One Boston Place
25th Floor
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jluchette@rc.com
Direct (617) 557-5939

April 21, 2011

*Via certified mail return receipt request #7160390198462974 6925*

Bailey Perrin Bailey LLP
The Lyric Center
440 Louisiana Street, Suite 2100
Houston, TX 77002

Re:   **Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP**
      **Middlesex Superior Court C.A. No. 11-01297**

Dear Sir/Madam:

This office represents the plaintiff Greylock McKinnon Associates, Inc. in the above-referenced matter.

I have enclosed a copy of the Summons, Complaint, and Civil Action Cover Sheet in the lawsuit that was filed with the Middlesex Superior Court in Massachusetts in which Bailey Perrin Bailey LLP was named as defendant. Pursuant to the Massachusetts Rules of Civil Procedure this constitutes service upon Bailey Perrin Bailey LLP as a defendant in this action. Failure to answer the Complaint within twenty days could lead to a default judgment being entered by the Court.

Please contact Attorney Karla L. Chaffee at (617) 557-5956 with any questions

Sincerely,

Jeanne M. Luchette

Enclosures

Copy to:   John R. Bauer, Esq.
           Karla L. Chaffee, Esq.

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*      11019296-v1

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ............ , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-01297

GREYLOCK MCKINNON ............ , Plaintiff(s)
ASSOCIATES, INC.

v.

BAILEY PERRIN BAILEY LLP , Defendant(s)

## SUMMONS

To the above-named Defendant: Bailey Perrin Bailey LLP, 440 Louisiana St., Ste. 2100
    You are hereby summoned and required to serve upon ........... Karla L. Chaffee ...........................
Houston, TX 77002
Robinson & Cole LLP ............... plaintiff's attorney, whose address is .. One Boston Place, Ste 2500
Boston, MA 02108-4404 ......................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center, 2nd Fl.

Woburn, MA 01801 ......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

    Witness, Barbara J. Rouse, Esquire, at ........ Woburn .............................................................

the .............................. 21st ......................... day of ................... April ...........................

.................., in the year of our Lord .. 2011 ................................. .

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| GREYLOCK MCKINNON ASSOCIATES, INC., | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. *11 - 01297* |
| | ) |
| BAILEY PERRIN BAILEY LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Greylock McKinnon Associates, Inc. ("Greylock"), by its attorneys, Robinson & Cole LLP, asserts claims against Defendant Bailey Perrin Bailey LLP ("BPB") as follows:

### Parties

1.      Greylock is a Massachusetts corporation with a principal place of business located at One Memorial Drive, 14th Floor, Cambridge, Massachusetts.

2.      On information and belief, BPB is a limited liability partnership established under the laws of Texas, with a principal place of business at The Lyric Centre, 440 Louisiana Street, Suite 2100, Houston, Texas 77002.

### Jurisdiction and Venue

3.      This Court has personal jurisdiction over the Defendant pursuant to G.L. c. 223A, § 3(a).

4.      Venue is proper in this Court pursuant to G.L. c. 223, § 1.

11002616-v1

## Factual Background

5.      Greylock is a provider of expert economic analyses and litigation support. Greylock provides its services to a diverse group of domestic and international clients in the legal profession, business community and government agencies.

6.      BPB is a Texas law firm.

The Risperdal Litigation

7.      In April 2009, BPB, on behalf of the Attorney General of the State of Louisiana, retained Greylock to consult on economic issues and provide other related services, including providing expert witness testimony, with respect to litigation pending in the State of Louisiana involving the drug Risperdal (the "Risperdal Litigation"). The terms of the retention are set forth in a letter agreement dated April 13, 2009 (the "Retention Agreement"). A copy of the Retention Agreement is attached hereto as Exhibit A.

8.      Pursuant to the Retention Agreement, Greylock is to provide services to BPB on an hourly basis at rates provided in Attachment A of the Retention Agreement. Further, Greylock is to submit monthly invoices to BPB, which BPB is obligated to pay within thirty (30) days of receipt.

9.      The Retention Agreement also provides that BPB's failure to meet payment requirements may result in interest charges and delays in the delivery of work product. Specifically, the Retention Agreement provides that if any payments are more than ninety (90) days past due, Greylock is authorized to stop all work on the matter until all payments past due more than 30 days are received by Greylock.

2

10.     The Retention Agreement also requires a $25,000.00 retainer to secure Greylock's services, which is to be returned to BPB once all of Greylock's work in the Risperdal Litigation is completed and all invoices have been paid by BPB.

11.     BPB provided Greylock with a $25,000.00 check for the required retainer and, in late April 2009, Greylock began its work on the Risperdal Litigation.

12.     Between April 2009 and January 2010, Greylock provided services to BPB in the Risperdal Litigation. As provided in the Retention Agreement, Greylock submitted monthly invoices to BPB starting in May 2009.

13.     Almost immediately, BPB failed to make timely payments to Greylock on the invoices.

14.     Starting in September 2009, Raymond Hartman, President of Greylock ("Hartman"), had communications with Michael Perrin ("Perrin") and Ken Bailey ("Bailey") of BPB about the past due invoices. During these communications, both Perrin and Bailey represented that BPB would pay a significant portion of the amounts past due prior to any appearance by Greylock at depositions in the Risperdal Litigation.

15.     Based on these representations, Greylock continued providing services to BPB in the Risperdal Litigation.

16.     Despite BPB's assurances, by the end of November 2009, BPB failed to make any payment to Greylock on its invoices. For services performed through November 30, 2009, Greylock had billed BPB for services totaling $788,455.79.

17.     In late November 2009, Hartman wrote to Perrin about the past due invoices and informed him that if BPB did not pay Greylock for amounts due, Greylock would stop work on

the Risperdal Litigation as provided in the Retention Agreement and would not appear for a Risperdal Litigation deposition.

18.     In early December 2009, BPB made two payments on the outstanding balance owed to Greylock: a December 1, 2009 payment of $300,000.00 and a December 2, 2009 payment of $250,000.00. However, even after Greylock received these payments, BPB still owed Greylock $238,455.79.

19.     In light of BPB's December 2009 payments, Greylock continued to provide services to BPB, including preparing for and appearing at a December 2009 deposition in the Risperdal Litigation, which was conducted in Boston, Massachusetts. An attorney from BPB represented the Greylock witness at the December 2009 deposition in Boston.

20.     In February and March 2010, Greylock sent invoices to BPB for services performed after BPB's December 2009 payments for work undertaken in December 2009 and January 2010. The total amount Greylock billed for these services was $23,845.19. To date, BPB has not made any payments on the invoices sent in February and March 2010.

21.     To date, BPB owes Greylock a total of $262,300.98 for services Greylock performed for BPB relating to the Risperdal Litigation.

## COUNT I
### Breach of Contract

22.     Greylock repeats and realleges the allegations in Paragraphs 1 through 21 of the Complaint as through fully restated herein.

23.     BPB and Greylock entered into a valid and enforceable contract with respect to services Greylock performed for BPB in the Risperdal Litigation, namely the Retention Agreement.

24.     Greylock fully performed all of its obligations under the Retention Agreement.

4

25.     BPB breached the Retention Agreement by failing and refusing to pay Greylock in full for services Greylock provided to BPB with respect to the Risperdal Litigation.

26.     As a result of BPB's breach of contract, Greylock has suffered damage.

## COUNT II
### Unjust Enrichment

27.     Greylock repeats and realleges the allegations in Paragraphs 1 through 26 of the Complaint as through fully restated herein.

28.     BPB induced Greylock to provide BPB with services in the Risperdal Litigation.

29.     Greylock therefore conferred a benefit upon BPB by providing BPB said services.

30.     BPB appreciated and had knowledge of this conferred benefit, but did not pay Greylock for the full value of its services.

31.     BPB's retention and acceptance of this conferred benefit, without paying Greylock its full value, would be unjust and inequitable.

32.     As a result, BPB is liable to Greylock for the value of the services that Greylock provided.

## COUNT III
### Quantum Meruit

33.     Greylock repeats and realleges the allegations in Paragraphs 1 through 32 of the Complaint as through fully restated herein.

34.     Greylock provided services to BPB in the Risperdal Litigation with the expectation that it would receive compensation from BPB for the customary value of these services.

35.     BPB accepted Greylock's services with knowledge of Greylock's expectation and reliance on receiving compensation.

36.     BPB did not fully compensate Greylock for its services.

37.     As a result, BPB is liable to Greylock for the value of the services that Greylock provided.

**COUNT IV**
Money Owed For Services Rendered

38.     Greylock repeats and realleges the allegations in Paragraphs 1 through 37 of the Complaint as through fully restated herein.

39.     BPB owes money to Greylock for services rendered.


**WHEREFORE**, Greylock respectfully requests that the Court:

1.      Enter judgment in favor of Greylock and against BPB on all counts contained in the Complaint;

2.      Award damages, including statutory interest, to Greylock in an amount to be determined at trial;

3.      Award Greylock its costs and reasonable attorney's fees; and

4.      Award Greylock such other relief as the Court deems proper.

Respectfully submitted,

**GREYLOCK MCKINNON ASSOCIATES, INC.**

By its attorneys:

_____
John R. Bauer (BBO #630742)
jbauer@rc.com

_____
Karla L. Chaffee (BBO #675699)
kchaffee@rc.com
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA  02108-4404
Tel: (617) 557-5900
Fax:  (617) 557-5999

Dated:  April 18, 2011

7

EXHIBIT A

# Greylock McKinnon Associates

One Memorial Drive, Suite 1410
Cambridge, MA 02142
Tel: 617-871-6900
Fax: 617-871-6949

April 13, 2009

Michael W. Perrin
Bailey Perrin Bailey
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002

*IN RE: Risperdal Litigation*

Dear Mr. Perrin:

I am writing to confirm our agreement that effective April 13, 2009, Bailey Perrin Bailey, on behalf of the
Attorney General of the State of Louisiana, has retained Greylock McKinnon Associates (GMA) to
provide consulting on economic issues and other related services and, should it become appropriate, to
provide expert testimony in the matter. I understand that the retention may extend to other states and their
Attorneys General.

In establishing and maintaining good relationships with clients, we have found it important to provide
each client with a statement of our engagement practices and our billing policies. These practices and
policies are intended to safeguard each party's confidential information, establish reasonable fees for our
services and provide for the billing and collection of fees in a timely manner.

We provide our services on an hourly basis. Our billing rates are attached for your information as
Attachment A. Invoices will be submitted monthly. Payment of our fees is due within thirty days of
receipt of invoice. Failure to meet these payment requirements may result in delays in our work product
and interest charges. In addition, should payments become past due for more than ninety (90) days, all
work on the above referenced matter will be stopped. Should this occur, work will commence once all
past due payments (i.e., greater than 30 days) are received. Invoices will be addressed to and paid by the
Bailey Perrin Bailey firm.

The work undertaken by Greylock McKinnon Associates in connection with this matter will be done for
you under your direction and accordingly is part of your work product. Any information that GMA
obtains in connection with work for you pursuant to this agreement will be regarded by GMA and anyone
assisting or employed by GMA as confidential. Moreover, in light of the foregoing and the necessity of
keeping the nature and results of our work confidential during the preparation for and pendency of any
litigation, GMA and its affiliates working with us or with access to any information supplied by you will
not publish any article relating to or bearing on the issues in the litigation during the time of the litigation
except with your consent. Compliance with an order to testify or produce documents, which is no longer
subject to appeal or other form of review, would not be considered a breach of this agreement.

A retainer in the amount of $25,000.00 is required to secure our services. This retainer will be returned to you when the above listed matter has been completed and all payments on our invoices have been received.

This consulting relationship can be terminated at any time and for any reason whatsoever by either party. Of course, you will still be obligated to pay the amounts we have billed or accrued for services rendered and distributions made by us on your behalf prior to such termination.

Please indicate your acceptance of these terms by signing this letter and returning it to me. Our services will commence upon receipt of this signed agreement and the retainer. We look forward to working with you.

Very truly yours,

Raymond S. Hartman
President and Director
Greylock McKinnon Associates


CONFIRMED:

BAILEY PERRIN BAILEY

By:

Attachment A:  Greylock McKinnon Associates: 2009 Hourly Consulting Rates *

| | |
|---|---|
| Richard Frank | $475 |
| Raymond Hartman | $475 |
| Meredith Rosenthal | $475 |
| Senior Economist/Consultant | $390-475 |
| Economist/Senior Associate | $300-425 |
| Senior Analyst/Associate | $250-300 |
| Analyst | $150-250 |
| Assistants | $125-150 |

* Rates are subject to change for each calendar year.  In addition, rates are subject to change during the calendar year due to staff promotions and/or staff additions.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF   MIDDLESEX | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| **Greylock McKinnon Associates, Inc.** | **Bailey Perrin Bailey LLP** |

| Plaintiff Atty | John R. Bauer, Robinson & Cole LLP | Type Defendant's Attorney Name |
|---|---|---|
| Address | One Boston Place, suite 2500 | Defendant Atty |
| City | Boston   State MA   Zip Code 02108-4404 | Address |
| Tel. | +1 (617) 557-5900   BBO# 630,742 | City   State   Zip Code |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK          IS THIS A JURY CASE?

**A01 Services Labor and Materials - Fast Track**          ○ ] Yes  ⊙ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.   Total hospital expenses                                        $ _____
   2.   Total doctor expenses                                         $ _____
   3.   Total chiropractic expenses                                   $ _____
   4.   Total physical therapy expenses                              $ _____
   5.   Total other expenses (describe)                              $ _____
                                                    Subtotal          $ _____
B.  Documented lost wages and compensation to date                  $ _____
C.  Documented property damages to date                             $ _____
D.  Reasonably anticipated future medical expenses                  $ _____
E.  Reasonably anticipated lost wages and compensation to date      $ _____
F.  Other documented items of damages (describe)                    $ _____

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                    Total $ _____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| Defendant is obligated to pay Plaintiff amounts owed for consulting services Plaintiff provided to Defendant. | TOTAL   $262,300.98 |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____          Date:   April 18, 2011

A.O.S.C. 3-2007

# ROBINSON & COLE LLP

JEANNE M. LUCHETTE
Paralegal

One Boston Place
25th Floor
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jluchette@rc.com
Direct (617) 557-5939

May 3, 2011

Civil Clerk's Office
Middlesex County Superior Court
200 Trade Center, 2nd Floor
Woburn, MA 01801

Re:   *Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP*
       **Middlesex Superior Court C.A. No. 11-01297**

Dear Sir or Madam:

Enclosed for filing and docketing in the above-referenced matter, please find the Affidavit of Service upon the defendant Bailey Perrin Bailey LLP.

Please contact me at the above number if you have any questions regarding the enclosed.

Thank you for your attention to this matter.

Sincerely,

*Jeanne Luchette*

Jeanne M. Luchette

Enclosure

cc:   John R. Bauer, Esq.
       Karla L. Chaffee, Esq.

*Law Offices*

BOSTON

PROVIDENCE

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

ALBANY

SARASOTA

*www.rc.com*          11030193-v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                   SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT


GREYLOCK MCKINNON ASSOCIATES,          )
INC.,                                  )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          Civil Action No. 11-01297
                                       )
BAILEY PERRIN BAILEY LLP,              )
                                       )
                Defendant.             )
                                       )

## AFFIDAVIT OF SERVICE OF PROCESS
## IN ACCORDANCE WITH MASS. R. CIV. P. 4(f)

I, Karla L. Chaffee, hereby depose and state:

1. I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts and am counsel to the plaintiffs in the above-captioned matter.

2. Pursuant to Mass.R.Civ.P. 4(e), on April 21, 2011, I caused a copy of the Summons, Complaint, and Civil Action Cover Sheet in this matter to be served by certified mail, return receipt requested, upon the defendant Bailey Perrin Bailey LLP.

3. The original Summons and a copy of the cover letter to Bailey Perrin Bailey LLP with the original signed return receipt is attached hereto as **Exhibit A**.

SIGNED UNDER PENALTIES OF PERJURY THIS 3rd DAY OF May 2011.

                                        Karla L. Chaffee (BBO #675699)

05/09/2011 12 16 FAX                                                     ☑005/007

EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-01297

............MIDDLESEX............ , ss

GREYLOCK MCKINNON............... , Plaintiff(s)
ASSOCIATES, INC.

v.

BAILEY PERRIN BAILEY LLP , Defendant(s)

## SUMMONS

To the above-named Defendant: Bailey Perrin Bailey LLP, 440 Louisiana St., Ste. 2100
Houston, TX 77002
You are hereby summoned and required to serve upon ...........Karla L. Chaffee...........................

Robinson & Cole LLP............... plaintiff's attorney, whose address is ..One Boston Place, Ste 2500

Boston, MA 02108-4404................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center, 2nd Fl.

Woburn, MA 01801....................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ......... Woburn ............................................

the ................ 21st ................ day of ............. April ................

..................., in the year of our Lord ..2011.............................. .

_____
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

# ROBINSON & COLE LLP

JEANNE M. LUCHETTE
Paralegal

One Boston Place
25th Floor
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jluchette@rc.com
Direct (617) 557-5939

April 21, 2011

*Via certified mail return receipt request #7160390198462974925*

Bailey Perrin Bailey LLP
The Lyric Center
440 Louisiana Street, Suite 2100
Houston, TX 77002

Re:   Greylock McKinnon Associates, Inc. v. Bailey Perrin Bailey LLP
      Middlesex Superior Court C.A. No. 11-01297

Dear Sir/Madam:

This office represents the plaintiff Greylock McKinnon Associates, Inc. in the above-referenced matter.

I have enclosed a copy of the Summons, Complaint, and Civil Action Cover Sheet in the lawsuit that was filed with the Middlesex Superior Court in Massachusetts in which Bailey Perrin Bailey LLP was named as defendant. Pursuant to the Massachusetts Rules of Civil Procedure this constitutes service upon Bailey Perrin Bailey LLP as a defendant in this action. Failure to answer the Complaint within twenty days could lead to a default judgment being entered by the Court.

Please contact Atto

Sincerely,

Jeanne M. Luchette

Enclosures

Copy to:   John R.
           Karla L.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*      11019296-v1